HOBSON', Justice.
This is an appeal by the defendant Vernon Graessle, individually and as trustee under the terms of a trust agreement, from a final decree in favor of the plaintiff, Minnie Bertha Schultz, setting aside deeds to certain realty.
The basic facts are as follows: In 1931 one William C. Meincke conveyed land which he owned to his wife, Pauline. Meincke planted an orange grove on this land and commenced the construction of a home, but before the home was completed he died, leaving his wife and a daughter, the plaintiff herein, as his heirs-at-law; Some two years later, Pauline Meincke married Frank Graessle. They moved into the home which had been commenced by Meincke and- completed by Pauline after his death. Thereafter, Pauline and her new husband conveyed the land • to the Lake County Land Owners’ Association, which conveyed it back to them as tenants by the entireties.
After Pauline’s death, Frank Graessle conveyed the lands to his son Vernon, as trustee under the terms of a private trust. In the present suit, Minnie- Bertha Schultz 'seeks to recover the- land.
*38 We are of the view that there is insufficient competent evidence in this record to support the findings of the chancellor relative to fraud and misrepresentation, and that the suit was in any event barred by laches.
We have held that fraud is never presumed, and that the burden of proving fraud is on the party who asserts it, Biscayne Boulevard Properties, Inc., v. Graham, Fla., 65 So.2d 858; that proof of fraud must be dear and convincing, Middleton v. Plantation Homes, Inc., Fla., 71 So.2d 503; Biscayne Boulevard Properties, Inc., v. Graham, supra, and that where the party charged with fraud dies, parol evidence to establish his fraud should be of a well-nigh conclusive character, Biscayne Boulevard Properties, Inc., v. Graham, supra; Tischler v. Robinson, 79 Fla. 638, 84 So. 914; Barnes v. Willis, 65 Fla. 363, 61 So. 828.
The amended complaint is in three counts. The second count was withdrawn and only the first and third counts remain. Both of these counts are based mainly upon the alleged fraud and over-reaching of Frank Graessle. The first count alleges that the deeds made by Pauline Graessle to Lake County Land Owners’ Association and by that organization back to Pauline and Frank Graessle were executed “as a result of continual mental pressure and persuasion exerted upon her [Pauline Graessle] by the said Frank Graessle and members of his family at a time when she was in ill health, and that she was induced to sign said deed and permit the transfer of the title under false and fraudulent representations that such conveyance would not affect the interest of the plaintiff * * * ” The third count alleged in part that “the attempted conveyance transferring the homestead of Pauline Meincke Graessle to herself and her husband, as tenants by the entirety, constituted a fraud on the rights of the plaintiff * * * ”
Thus in the first count Pauline Graessle is alleged to have been defrauded and coerced by her husband. The plaintiff-appellee utterly failed to prove these allegations, however, and the record before us falls' quite short of the standard of proof which we have outlined above as applicable to a case of this nature. If it can be contended that fraud upon the plaintiff-appellee was inherent in the transaction, under the third count of the amended complaint, we are of the opinion that the suit is barred by laches.
Frank and Pauline Graessle were married in 1936. The deed from the Lake County Land Owners’ Association to Pauline and her husband was recorded on January 24, 1938. ' The deed from Frank to Vernon Graessle was recorded on June 17, 1947. Pauline Graessle died on December 29, 1945, and Frank Graessle died on August 20, 1951. This suit was not filed until January 11, 1952. The record shows that Pauline Graessle was constantly in touch with the plaintiff-appellee by mail during her lifetime. It is shown that the plaintiff-appellee was on notice of the deed creating an estate by the entireties, which she now seeks to attack, for fourteen years prior to the filing of this suit; that for nearly ten years of this time both Frank and Pauline Graessle were living and available to defend a suit, and that for thirteen years Frank Graessle was alive and could have defended himself against this suit. It is further shown that on January 30, 1947, the plaintiff-appellee commenced an action against Frank Graessle and the Lake County Land Owners’ Association to cancel the very deeds which are at issue in this suit. The record shows that the bill of complaint was filed, but that the action was abandoned. During this long period of time, Frank Graessle had sold his home in Chicago, had moved to Florida, and had spent all that he had on the property in question. Under these circumstances, we think that the plaintiff-appellee cannot now be heard to say that she has been defrauded by this long-standing transaction of which she has so long had notice. See Farnham v. Blount, 152 Fla. 208, 11 So.2d 785.
*39 A cross appeal has been taken from that portion of the final decree of the chancellor which denied plaintiff an accounting' for profits from this tract of land. Since plaintiff has not demonstrated that she has any right in the land, there was no error in the chancellor’s determination in this regard.
It follows that the final decree appealed from must be, and it is hereby, reversed with directions to dismiss the suit.
It is so ordered.
DREW, C. J., THOMAS and THOR-NAL, JJ., and STANLY, Associate Justice, concur.
TERRELL, J., dissents,
ROBERTS, J., not participating.