Daniel J. O’Mara, J.
The above-named plaintiff moves for summary judgment pursuant to the provisions of rule 113 of the Rules of Civil Practice. Plaintiff’s complaint in the above-entitled action seeks a judgment against the defendants in the sum of $5,024.90 by virtue of a default judgment taken against them in the State of Florida.
The defendants who are residents of Monroe County, New York, have interposed a verified answer in which they set forth an affirmative defense to the effect that they were never served with process in the Florida action, and at no time did either of the said defendants appear in person or by attorney in the said action, and that they had absolutely no knowledge of the entry of the default judgment against them until sometime subsequent to its entry.
It appears from the moving papers that the defendants made a special appearance in the Florida courts subsequent to the taking of the default judgment in question, and in that appearance raised the very question that is now presented on this motion for summary judgment; namely, the question as to whether the defendants were ever served with process. The Florida courts on that question have decided it against the defendants, and it is now plaintiff’s contention that the said determination, in view of the full faith and credit clause of the Federal Constitution, bars this court from a reconsideration of the same issue.
It is axiomatic that a motion for summary judgment is addressed to the sound discretion of the court and that such a motion must be denied in the event there is a raised issue of *335 fact which can only be determined as the result of a trial. The pleadings in this action indicate beyond any doubt that there is a controversial issue involving the question as to whether the defendants were actually served with process in the action brought against them in the State of Florida.
The main question of law to be resolved on this motion is whether the courts of this State are barred from reconsidering the same question that was considered and determined ly the courts of the State of Florida, in view of the full faith and credit provisions of section 1 of article IY of the Constitution of the United States. As has been pointed out in the brief submitted in behalf of the defendants, that question has been answered against the plaintiff in the case of Hunt v. Hunt (72 N. Y. 217). The defendants therefore have a right to litigate in this court the affirmative defense set forth in their answer. Plaintiff’s motion for summary judgment is denied, without costs.