■ JOHN W. VANDER, Appellant, v. JOHN E. CASPERSON et al., Respondents.—

Memorandum: Plaintiff appeals from an order denying his motion for summary judgment. The action is based on a judgment rendered by the Circuit Court of the State of Florida in plaintiff's favor, against the defendants. Defendants allege that no summons or other process was served upon them and that the Florida Court lacked jurisdiction to render judgment against them. On March 28, 1958 the Sheriff of Broward County, Florida, filed returns in the Circuit Court in Dade County, Florida, certifying service of summonses in the action of the plaintiff against the defendants, on the defendants, in accordance with requirements of Florida law. Defendants did not appear in the action. On September 8, 1958, judgment by default was entered in favor of plaintiff against defendants for $5,000. Thereafter defendants appeared specially in the court which rendered the judgment, through their attorneys, for the limited purpose of challenging the jurisdiction of the court over the person of the defendants and to set aside the default theretofore entered on the sole ground that the court lacked jurisdiction over the defendants for the reason that they had not been properly served. The Circuit Court made a finding that "Personal service was effected upon both defendants so as to give the Court personal jurisdiction of the parties" and on March 27, 1959, "Ordered and Adjudged that the defendants' motion to set aside the default be, and the same is hereby denied." Defendants appealed from such order to the District Court of Appeal which court on December 17, 1959, affirmed the order in the following *Per Curiam* opinion: "Affirmed upon authority of the rule stated in Barnes v. Willis, 65 Fla. 363, 61 So. 828; Clements Naval Stores Co. v. J. S. Betts Co., 85 Fla. 49, 95 So. 126; Golden Gate Development Co. v. Ritchie, 140 Fla. 103, 191 So. 202; McIntosh v. Wibbeler, Fla. 1958, 106 So. 2d 195; Mitchell v. Brown, Fla. App. 1959, 114 So. 2d 178." The cases cited state the rule that it requires clear and convincing proof to overcome statements of a Sheriff's return under the sanction of official oath and responsibility. Defendants petitioned for a rehearing in the District Court of Appeal and on January 13, 1960 their petition was denied. Thereafter they petitioned in the Supreme Court of Florida for a writ of

certiorari to review the order of the District Court of Appeal and on April 21, 1960 their petition was denied by the Supreme Court. A foreign judgment is not entitled to full faith and credit unless the court had jurisdiction over the subject matter or over the person of the parties. A defendant is not required to litigate the issue of jurisdiction in a foreign court but may raise the issue as a defense in a suit upon the judgment in this State. Where, however, defendants choose to litigate the question of jurisdiction of the foreign court in that court, as the defendants did in this case, they are bound by an adverse decision of the foreign court and we are required by the provisions of section 1 of article IV of the Constitution of the United States to give full faith and credit thereto. (*Chapman* v. *Chapman,* 5 A D 2d 257, 263, 264.) Goldman, J., not participating. (Appeal from order of Monroe Special Term denying motion of plaintiff for summary judgment.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ. [31 Misc 2d 334.]