James H. Boomer, J.
The plaintiff took judgment against the defendant in the State of Georgia and has filed that judgment with the clerk of the County of Monroe, State of New York, pursuant to CPLR article 54 entitled "Enforcement of Judgments Entitled to Full Faith and Credit.” Defendant moves to set aside that judgment upon three grounds: (1) that the judgment was taken by default and CPLR article 54 does not permit the filing in New York State of foreign default judgments; (2) that the Georgia court lacked jurisdiction; and (3) that defendant did not receive notice of the time of trial in violation of its right to due process.
(1) The judgment roll from the Georgia court shows that after the service of the summons and complaint in New York, the defendant submitted an answer in which it denied the allegations of the complaint and, as an affirmative defense, alleged that the court did not have jurisdiction of the person of defendant. When the case came on for trial the defendant did not appear and judgment was taken by default.
The 1968 Uniform Enforcement of Foreign Judgments Act, from which article 54 was taken, does not exclude from filing a judgment of a sister State taken by default. The committee to advise and consult with the Judicial Conference on the CPLR, in urging the adoption in New York State of the 1968 Uniform Enforcement of Foreign Judgments Act, recommended that the act not apply to judgments "in which there was no appearance by the defendant in the rendering forum.” (Fifteenth Annual Report of NY Judicial Conference, 1970, Appendix D, Report to Legislature in Relation to CPLR, p A107.) This recommendation was based upon the committee’s fear of "sewer service” (p A107). As submitted by the committee, proposed article 54 excludes from its scope judgments obtained by "default in appearance”. CPLR 320 states that the defendant "appears by serving an answer or a notice of appearance”. It is apparent from the committee’s report that *939 it intended to exclude not all judgments taken by default, but only those default judgments where there is no appearance at all in the action. Since the defendant did appear in the action in Georgia, the Georgia judgment may not be refused recognition under article 54 because of the default of the defendant in appearing at the time of trial.
(2) Defendant may not now question the jurisdiction of the Georgia court. When defendant filed an answer in the Georgia action raising the issue of jurisdiction, it consented that the issue of jurisdiction be tried by the Georgia court and the findings of the court are now binding upon it. (See Res Judicata and Jurisdiction: The Bootstrap Doctrine, 53 Harv L Rev 652, 655-656, where the author notes "a series of federal and state decisions holding conclusive a judgment rendered after a special appearance resulting in a determination of jurisdiction over the person.”)
In Cascade Chem. Coat v Wellco Chem. Prods. (15 Ill App 3d 1056), the court stated that the issue presented to it "is whether the filing of a special appearance in a foreign court prevents collateral attack of the jurisdictional basis of a judgment entered therein where it appears that the jurisdictional issue was decided by the foreign court.” (p 1056). The court concluded that the filing of the special appearance did prevent collateral attack. In that case the defendant, at the time of filing the special appearance in an action in Oregon, moved to vacate the service of the summons. No testimony was taken at the hearing of the motion and the Oregon court denied the motion. Defendant made no further appearance in the action and a default judgment was rendered against him. When the defendant was sued on the judgment in Illinois, the Illinois court held that the defendant could not now question the jurisdiction of the Oregon court. The basis of the decision was that "defendant was given an opportunity to fully litigate that issue [of jurisdiction] before the matter was decided by the Oregon court” and therefore the issue was "res judicata” (p 1059).
In Vander v Casperson (16 AD2d 881, 882), the Appellate Division, Fourth Department, discussed the principles relating to the recognition of judgments rendered by sister States: "A defendant is not required to litigate the issue of jurisdiction in a foreign court but may raise the issue of jurisdiction as a defense in a suit upon a judgment in this State. Where, however, defendants choose to litigate the question of jurisdic *940 tion of the foreign court in that court, as defendants did in this case, they are bound by an adverse decision of the foreign court and we are required by the provision of section 1 of article IV of the Constitution of the United States to give full faith and credit thereto.” In Vander, the defendant did not appear in the foreign action prior to entry of judgment, but moved to set aside the default judgment on the ground of lack of jurisdiction over the person of the defendant.
In most of the cases holding that the defendant is precluded from relitigating the issue of jurisdiction of the sister State court, the defendant had, in the sister State court, either argued a motion to dismiss for lack of jurisdiction, or argued the motion to set aside the judgment. I have found no case where the defendant raised the issue of lack of jurisdiction, in the sister State court, by way of answer and then defaulted on the trial. The fact of such default, however, should make no difference since the doctrine of res judicata applies to default judgments as well as judgments rendered after contest (9 Carmody-Wait 2d, § 63:225).
A defendant who is faced with a lawsuit in a sister State generally has three options. He may move, before answer, to dismiss the action on the ground of lack of jurisdiction (CPLR 3211, subd [a], par 8; Ga Code, § 81A-112, subd [b]). If he loses the motion, he will be bound by any judgment rendered by the sister State court since he has litigated the issue of jurisdiction. He may postpone determination of the issue of jurisdiction by asserting it as a defense in his answer (CPLR 3211, subd [e]; Ga Code, § 81A-112, subds [b], [h], par [1]). Or he may make no appearance of any kind in the sister State court and contest jurisdiction when the plaintiff seeks to enforce the judgment in the defendant’s home State.
If unsuccessfully arguing a motion in a sister State court precludes a collateral attack upon the judgment of that court, it is only fair and logical that raising the issue of jurisdiction in that court by way of answer should also preclude a collateral attack upon the judgment. In both cases, the defendant has submitted the issue of jurisdiction to the foreign court for its decision. After submitting the question to that court, defendant should not later be heard to complain that he did not proceed to be heard.
(3) Defendant further states that it was denied due process by the Georgia court since it was given no notice of the date of trial. An attorney who appears in court is bound to know the *941 rules of that court. In his affidavit supporting this motion to set aside the judgment, defendant’s attorney does not state what attempt he made to become familiar with the rules of the Georgia court and to determine when the matter would be reached for trial. All he states is that he mailed the answer to the clerk of the court and took no further action. He did not allege facts showing that the court did not have rules designed to give fair notice of the date of trial or that the court violated any of its rules. Since there is no showing that the Georgia court violated any of the requirements of due process, the motion to vacate the judgment on this ground is denied.
Defendant’s attorney in his papers refers to CPLR article 53. This article, however, refers to foreign countries and not to sister States (CPLR 5301, subd [a]).