334 So.2d 331 (1976)
Jimmie O. SCOTT (Formerly Jimmie O. Gibson), Appellant (Plaintiff),
v.
Grace H. DANSBY (Formerly Grace Hopson Gibson), As Executrix of the Estate of L.P. Gibson, Deceased, and Grace H. Dansby (Formerly Grace Hopson Gibson), Individually, Appellee (Defendant).
No. AA-276.
District Court of Appeal of Florida, First District.
June 30, 1976.
*332 W.N. Avera, of Chandler, O'Neal, Avera, Gray, Lang & Stripling, Gainesville, for appellant.
William M. Barr, of Raymond, Wilson, Conway, Barr, Burrows & Abraham, Daytona Beach, for appellee.
MILLS, Judge.
Mrs. Scott, the former wife of L.P. Gibson, now remarried, brought suit against his estate for postmortem alimony. In addition, she brought suit against Mrs. Dansby, his widow, now remarried, charging that certain property owned by Gibson was fraudulently conveyed by him to himself and his then wife, Mrs. Dansby, as tenants by the entireties, and should be set aside. The Estate and Mrs. Dansby answered the complaint denying the material allegations. Following a nonjury trial, the trial court entered a judgment finding that the Estate owed Mrs. Scott $19,350.00 in postmortem alimony, and finding that the conveyances from Gibson to himself and Mrs. Dansby were valid. Mrs. Scott appeals from the judgment in favor of Mrs. Dansby.
Mrs. Scott contends that the court erred in denying her oral motion, made during the trial, to amend her complaint by adding a claim for delinquent child support, and erred in finding that Gibson's conveyances were valid.
Mrs. Scott and Gibson were divorced in March 1968. The judgment incorporated a property settlement agreement which provided that in the event the husband predeceased the wife, the monthly alimony payments would continue to be paid to the wife as a charge against the husband's estate until her remarriage or death.
After the divorce, Gibson married Mrs. Dansby. After the marriage, Gibson conveyed substantial property to himself and Mrs. Dansby as tenants by the entireties. The conveyances were recorded.
In November 1971, Gibson died. After paying the federal estate taxes, administration costs and attorney's fees, there are insufficient assets in the estate to pay Mrs. Scott the postmortem alimony awarded.
The only witnesses at the trial were Mrs. Scott and Mrs. Dansby. The following evidence was adduced: the conveyances were gratuitous; the conveyances were from Gibson to himself and his wife; at the time of the conveyances, Gibson had no apprehension of his death; he was working daily; the conveyances were not concealed but were recorded; after marriage to Mrs. Dansby, Gibson paid alimony to Mrs. Scott promptly by checks on the joint account of himself and Mrs. Dansby.
In Brown v. Montgomery Ward & Co., 252 So.2d 817 (Fla.App. 1st, 1971), this court stated:
"The court may, in its discretion, deny any party the right to amend his pleadings if the proposed amendments will change or introduce new issues or materially vary the grounds for relief, or where the filing of such pleadings will delay the suit by necessarily requiring a continuance under circumstances which would be unduly prejudicial to the opposing party. Although it is highly desirable that amendments to pleadings be liberally allowed so that cases may be concluded on their merits, there is an equally compelling obligation on the court to see to it that the end of all litigation be finally reached."
*333 Mrs. Scott has failed to show that the trial court abused its discretion in denying her motion to amend her complaint at trial.
From the outset, it should be noted that the property settlement agreement contains Mrs. Scott's express agreement that the properties allocated to Gibson shall be his sole and separate property. It defines no lien, charge or security interest in his property securing the payment of postmortem alimony, but says only that such alimony shall be a charge against the husband's estate. The agreement does not limit or restrict the lifetime disposition of the husband's property. Nor does the agreement require him to fund his estate to the extent necessary to pay postmortem alimony.
A party alleging fraud must prove it and the burden of proof rests on the complainant, the presumption being against the existence of fraud. Tischler v. Robinson, 79 Fla. 638, 84 So. 914 (1920). Fraudulent intent must be shown by substantial evidence. Volusia County Bank v. Bigelow, 45 Fla. 638, 33 So. 704 (1903). Where the parties involved in the alleged fraudulent transfer have a close relationship, such relationship tends to establish a prima facie case which must be met by evidence on the part of the defendant, and the transaction is regarded with suspicion. Southern Lumber and Supply Co. v. Verdier, 51 Fla. 570, 40 So. 676 (1906). Where the party charged with fraud is dead, clear and convincing evidence of fraud is required. Barnes v. Willis, 65 Fla. 363, 61 So. 828 (1913).
It was the duty of the court to weigh the testimony presented to it with due consideration being given to the particular circumstances surrounding the conveyances under attack. The court's findings of fact and conclusions of law come to us with a presumption of correctness and will not be disturbed unless they are clearly erroneous. Mrs. Scott has failed to clearly demonstrate error.
The judgment is affirmed.
McCORD, J., concurs.
BOYER, C.J., dissents.
BOYER, Chief Judge (dissenting).
I respectfully dissent. Mr. Gibson knew, as do all reasonable people, that he was going to die sometime. He voluntarily, intentionally and gratuitously conveyed away his estate to himself and his new wife as tenants by the entireties so that when he died there was no individual estate from whence his post mortem alimony obligations could be paid. A prima facie case was established. (Southern Lumber and Supply Co. v. Verdier, 1906, 51 Fla. 570, 40 So. 676) The evidence at trial did not, in my view, overcome that prima facie case. I would reverse.