SCHWARTZ, Judge.
The order transferring venue of this cause from Dade to Collier County is reversed. As demonstrated by the sheriff’s return of service — which is presumptively correct[1] and has not been challenged — the defendant Piper Aircraft Corporation, a foreign corporation, was served through a corporate agent it had designated for that purpose in Dade County. It is therefore clear that venue was properly laid in Dade County under the portion of Section 47.051, Florida Statutes (1979) which provides that “[a]ctions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative.” We specifically stated in Majestic II, Enterprises, Inc. v. Butler, 372 So.2d 548, 549 (Fla. 3d DCA 1979) that “the existence merely of an agent, for service of process ..., in a particular county would establish the propriety of venue in that county as to a foreign corporation.” [e. o.] Accord, Greyhound Corp. v. Rosart, 124 So.2d 708 (Fla. 3d DCA 1960); see also, Touchton v. Atlantic Coast Line R. Co., 155 So.2d 738 (Fla. 3d DCA 1963).
Reversed.

. Clements Naval Stores Co. v. J. S. Betts Co., 85 Fla. 49, 95 So. 126 (1923); Barnes v. Willis, 65 Fla. 363, 61 So. 828 (1913); Rorick v. Stilwell, 101 Fla. 4, 133 So. 609 (1931); see, Klo-senski v. Flaherty, 116 So.2d 767 (Fla. 1959); Winky’s Inc. v. Francis, 229 So.2d 903 (Fla. 3d DCA 1969).