HERSEY, Judge.
Appellee, Ashling, filed suit against Piper Aircraft Corporation in Dade County. The summons and complaint were served through a corporate agent Piper Aircraft had appointed as registered agent for service of process. A motion for transfer of venue to Indian River County on the basis that the movant, Piper Aircraft Corporation, had no office or agent in Dade County, was granted. A motion for rehearing was filed but never acted upon.
Approximately a year later appellee filed in the Indian River County proceedings a motion for change of venue to Dade County in reliance on Vellanti v. Piper Aircraft Corp., 394 So.2d 1063 (Fla.3d DCA 1981). That case held that venue was appropriately laid in the county where the foreign corporation had an agent designated to accept service of process on its behalf. The trial court in Indian River County transferred the cause back to Dade County for the limited purpose of allowing that court to rule on the pending motion for rehearing.
The order of temporary transfer is the subject of this appeal. We have determined that we are without jurisdiction to entertain the appeal. The order which ultimately will be entered in Dade County will be appealable as one concerning venue. If that order returns the cause to Indian River County and if a motion for change of venue is subsequently filed in that court, the resulting order will be one concerning venue. In either event we will have jurisdiction because of Rule 9.130(a)(3)(A), Florida Rules of Appellate Procedure. As much cannot be said for the present order which is simply a temporary transfer to allow a motion to be reconsidered.
We are asked, in the alternative, to treat these proceedings as Certiorari. We may not do so. If the trial court in Dade County simply denies rehearing or, after rehearing, reaffirms its original action, not only does appellant/petitioner not suffer irreparable harm, it suffers no harm at all. Furthermore, if an order is entered which *161 might prejudice appellant/petitioner, the remedy of appeal from a non-final order is immediately available, as we have previously indicated.
For these reasons we determine that we are without jurisdiction to proceed and this appeal is therefore dismissed.
APPEAL DISMISSED.
GLICKSTEIN and HURLEY, JJ., concur.