OPINION OF THE COURT
Arthur E. Blyn, J.
Motion by order to show cause pursuant to CPLR 5404 by defendant judgment debtor for an order staying the enforcement of a New Jersey judgment against him on the ground that an appeal will be taken. Cross motion by plaintiff judgment creditor for an order conditioning any relief that may be granted to defendant judgment debtor on the motion-in-chief upon his posting a bond.
Defendant judgment debtor and plaintiff judgment creditor are former husband and wife. This action was brought pursuant to CPLR article 54 to enforce the provisions of a New Jefsey judgment of divorce entered March 25, 1982 requiring judgment debtor (former husband) to pay judgment cifeditor alimony, child support, health insurance, life insurance premiums, attorneys’ fees and costs, accountants’ fees and equitable distribution of the marital property. On July 2, 1982, a supplementary order was entered in the New Jersey court requiring defendant judgment debtor toiulfill his obligations under each paragraph of the judgn4ÉlSf Store* as they had accrued up to that date, *730 and which also provided that in the event that defendant did not fulfill those obligations within 15 days from the date of the order, plaintiff could apply on an ex parte basis for the issuance of a bench warrant for the arrest of defendant. Defendant did not comply with the order, however, plaintiff’s counsel avers it would have been useless to seek the bench warrant for defendant’s arrest as defendant was not physically in the State of New Jersey. Nor was it possible to enforce any part of the judgment in New Jersey as there were no known assets of defendant within that State.
Plaintiff, under the supervision of New Jersey counsel, subsequently retained New York counsel to commence proceedings in New York to enforce the judgment of divorce pursuant to the full faith and credit clause of the United States Constitution and CPLR article 54. On November 23, 1982 the judgment of divorce was docketed with the New York County Clerk pursuant to CPLR article 54. The county clerk at that time advised that, while the New Jersey judgment was sufficient for filing pursuant to CPLR article 54, it would not be given full lien effect as it was not in the form of a recovery against judgment debtor but simply directed him to pay certain sums of money. Therefore, pursuant to the advice of the county clerk, plaintiff commenced a proceeding in the New Jersey Superior Court, Monmouth County, to procure a supplemental judgment of divorce in the appropriate form for full enforcement in New York. Defendant then moved to obtain a supplemental judgment to set aside the judgment of divorce. Plaintiff then cross-moved to punish defendant for contempt. The supplemental judgment sought by plaintiff, in the appropriate form, was entered in the New Jersey court on January 7, 1983 and presented to the New York County Clerk on February 4, 1983, where it was filed pursuant to CPLR article 54 with full lien effect. Enforcement proceedings were commenced, culminating in the instant applications.
By order of March 8, 1983 of the Superior Court of Monmouth County, defendant was held in contempt of court for failure to comply with the judgment of divorce entered March 25, 1982 and the order of July 2, 1982 to *731 enforce said judgment, and was barred from litigating any issue in his motion until, and unless, he first paid into the court the sum of $34,244.97 for distribution to plaintiff and her counsel, representing the total amount due under the supplemental judgment entered in the New Jersey court on January 7, 1983. As of the original return date of the instant motion, March 4, 1983, and as of the dates of subsequent papers submitted herein, no claim has been made by defendant that he has purged himself of his contempt.
CPLR 5404, upon which the motion-in-chief is predicated, provides:
“(a) Based upon security in foreign jurisdiction. If the judgment debtor shows the supreme court that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated, upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered.
“(b) Based upon other grounds. If the judgment debtor shows the supreme court any ground Upon which enforcement of a judgment of the supreme court of this state would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period, upon requiring the same security for satisfaction of the judgment which is required in this state”.
In support of his motion defendant presents a plethora of arguments unsupported in fact and in law. As to a stay based upon CPLR 5404 (subd [a]), defendant has annexed to his papers a notice of appeal to the Appellate Division of the Superior Court in New Jersey, dated March 15, 1983, from the judgment of divorce of March 25, 1982, the supplemental judgment of divorce of January 7, 1983, as well as from the order, inter alia, holding him in contempt of court dated March 8, 1983. However, on the date of the notice of appeal, the 45-day period for appeal of either the judgment and supplemental judgment of divorce had already expired, and as to them the notice of appeal is a *732 nullity. Defendant’s arguments that the judgment of divorce is not a final judgment on the ground that his motion to set aside said judgment — with which defendant may not proceed unless he purges his contempt of court — is still outstanding is of no avail. The judgment remains final unless and until vacated.
Defendant has shown no more than that an appeal has been taken from the order of contempt and denying him the right to proceed until his contempt is purged by filing appropriate security with the Superior Court in New Jersey. Furthermore, such filing of security is required in order for a stay to issue pursuant to CPLR 5404 (subd [a]).
As to subdivision (b) defendant has failed to set forth any valid ground upon which this court would stay the New Jersey judgment if it were a judgment of this court. Other than a claim of lack of jurisdiction of the New Jersey court, there is no excuse for refusing recognition unless it is shown that the original rendering court itself would permit attack on its judgment on the particular ground. (See Siegel, NY Prac, § 435, p 576.) Defendant attempts to show that the judgment of divorce is invalid under New Jersey law because (1) it contravenes a property settlement entered into by the parties; and (2) the judgment was taken on defendant’s default. However, the very cases cited by defendant in support of his argument with respect to the property settlement actually support arguments for the validity of the disposition made in the judgment of divorce. Defendant’s argument based on his default in the divorce proceedings is grounded on nothing more than that defendant himself did not appear and participate at trial, although his counsel did. Defendant had appeared and answered in the divorce action and had participated in the litigation in other respects. However, the exclusion of a default judgment from being accorded full faith and credit under CPLR article 54 is not intended to apply to all judgments taken by default, but only those where there is no appearance at all in the action. (L &W Air Conditioning Co. v Varsity Inn of Rochester, 82 Misc 2d 937, affd 56 AD2d 735; Paden v Warnke, 110 Misc 2d 61.) In the subject divorce action, there was considerably more than an appearance by defendant and the judgment cannot be consid *733 ered a default judgment. Thus, defendant’s contentions under CPLR 5404 (subd [b]) must also fail.
Accordingly, a stay of the enforcement of the New Jersey judgment of divorce is denied and the cross motion denied as moot.