**Lili WRIGHT, Respondent,**

v.

**Daniel M. MOHS, Appellant.**

**No. C8–84–1762.**

Court of Appeals of Minnesota.

March 26, 1985.

Timothy J. Shields, Minneapolis, George E. Copple, Jr., Nashville, Tenn., for respondent.

Daniel M. Mohs, Minneapolis, for appellant.

Heard, considered, and decided by LESLIE, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from a Tennessee judgment entered against appellant in Hennepin County District Court. Appellant's motion to vacate the foreign judgment was denied. We reverse.

## FACTS

Appellant Daniel Mohs lived in Tennessee for approximately one year. While there he met and began dating respondent Lili Wright. Lili loaned Daniel various sums of money while they lived in Nashville. Daniel orally agreed to repay her.

In September 1982, the couple was engaged to be married and decided to move to Minnesota. Lili paid her moving costs and the couple's rent and other household expenses for the first couple of months in Minnesota. Daniel orally agreed to repay these amounts.

On or about January 3, 1983, Lili moved back to Nashville. On January 5, 1983, Daniel reduced his previous oral agreement to a written loan agreement and mailed it to Lili in Nashville. The document states that he promises to repay her $3,450 by May, 1983.

Lili commenced an action in Tennessee for breach of contract. Daniel was not personally served with a summons and complaint in Tennessee. Daniel hired a Tennessee lawyer to appear for the sole purpose of contesting the Tennessee court's personal jurisdiction over him. According to defendant's attorney's affidavit, the Tennessee judge ignored defendant's jurisdictional argument and proceeded to rule on the merits without allowing defendant time to appear and present his case.

Pursuant to Tennessee law, defendant timely filed an appeal in Tennessee Circuit Court before judgment entered in the lower court became final. He filed the appeal for the sole purpose of contesting jurisdiction.

Defendant dismissed his appeal and filed a motion in Hennepin County District Court to vacate the foreign judgment when he discovered that he could contest jurisdiction here under the Minnesota Uniform Enforcement of Foreign Judgments Act, Minn.Stat. §§ 548.26–.33 (1982).

Hennepin County District Court found Lili was a resident of Tennessee when the parties entered into the loan agreement and refused to vacate the foreign judgment. He based his finding solely on the affidavits and documents on file.

## ISSUE

Did the trial court properly deny defendant's motion to vacate the foreign judgment when the foreign court entered judg-

ment without addressing the personal jurisdiction issue?

## ANALYSIS

 Hennepin County District Court based its decision on the parties' affidavits and memoranda of law. There is no record of oral argument before the Minnesota or Tennessee courts. Therefore, our review is de novo.

Appellant Daniel Mohs claims the Hennepin County trial judge erred in finding "defendant chose to enter into a loan agreement with plaintiff on January 5, 1983, *while plaintiff was a Tennessee resident.*"

Daniel claims neither he nor Lili was a resident of Tennessee when they entered into their loan agreement. The agreement was entered into while both parties were residents of Minnesota. Lili's affidavit is unclear as to when the parties executed the contract for repayment. Daniel's affidavit is clear that the agreement was reduced to writing January 5, 1983, when he was still a resident of Minnesota and Lili was in transit to Tennessee.

Implicitly, the Tennessee court found it had personal jurisdiction over the parties since it entered a judgment. However, the Tennessee court did not address this issue. The Minnesota court's affirmative finding that the Tennessee court properly had personal jurisdiction over the parties is not substantiated in the record.

The record indicates that some of the money Lili loaned to Daniel was for transactions in Tennessee, other loans involved transactions in Minnesota. Most significantly, however, the agreement to repay was made when the parties were residents of Minnesota. Since Lili opted to proceed on the written contract, which was merely a memorialization of an agreement entered into in Minnesota, the Tennessee courts have no personal jurisdiction over the parties in this matter. The Tennessee court does not have residual personal jurisdiction over parties who voluntarily leave the state with the intent to live in Minnesota.

Therefore, Minnesota trial court's finding that Lili was a resident of Tennessee when the parties executed the contract, or when the contract was accepted is not supported in the record. Other issues raised by the parties are without merit.

## DECISION

Minnesota cannot give full faith and credit to a foreign judgment when the foreign court did not have proper jurisdiction in the first instance. We reverse.