CORSICA CHEESE, INC., Respondent,

v.

ROERS ENTERPRISES, INC., et al., Appellants.

No. C4–86–239.

Court of Appeals of Minnesota.

July 1, 1986.

Orrin S. Estebo, Redwood Falls, for respondent.

Dewey M. Nelson, Alexandria, for appellants.

Considered and decided by FORSBERG, P.J., and SEDGWICK and RANDALL, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This appeal is from denial of appellant's motion to vacate a South Dakota judgment entered pursuant to the Uniform Enforcement of Foreign Judgments Act, Minn.Stat. §§ 548.26–.33 (1984). We affirm.

## FACTS

Respondent Corsica Cheese, Inc. (Corsica Cheese) sued Roers Enterprises, Inc. and Patrick G. Roers in South Dakota state court for damages arising out of a technical assistance and licensing agreement. The summons and complaint was served on appellant Patrick G. Roers at his Minnesota residence. Roers hired a South Dakota attorney and interposed an answer raising the defense of lack of personal jurisdiction.

Roers's attorney was later allowed to withdraw from the case because of Roers's failure to cooperate with him. The South Dakota court then entered an order requiring Roers to notify it as to whether he would obtain substitute counsel or defend pro se. Roers never responded to the order.

Neither Roers nor a representative appeared at the South Dakota trial. Corsica Cheese was represented by its attorney, and its president testified. The South Dakota court concluded that it had jurisdiction over the parties. Judgment for $21,484.35 plus attorney fees and costs was entered for Corsica Cheese.

The South Dakota judgment was then filed in Minnesota district court. Roers moved to vacate the judgment for lack of personal jurisdiction. The trial court concluded that the South Dakota court had properly exercised jurisdiction over Roers and that the judgment was entitled to full faith and credit. Thus, the court denied appellant's motion to vacate the judgment.

## ISSUE

Did the trial court err in denying appellant's motion to vacate the judgment for lack of personal jurisdiction?

## ANALYSIS

The United States Constitution provides that each state shall give full faith and credit to the judicial proceedings of every other state. U.S. Const. art. IV, § 1. To implement the full faith and credit clause, Minnesota has adopted a modified version of the Uniform Enforcement of Foreign Judgments Act. See Minn.Stat. §§ 548.-26–.33 (1984). Section 548.27 provides:

A copy of any foreign judgment * * * may be filed in the office of the clerk of any district court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of any district court or the supreme court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a district court or the supreme

court of this state and may be enforced and satisfied in like manner.

Minn.Stat. § 548.27.

■ A judgment entered pursuant to § 548.27 may be vacated for lack of jurisdiction of the rendering court. *Matson v. Matson,* 333 N.W.2d 862, 867 (Minn.1983). If the defendant does not appear in the foreign proceedings and does not litigate the issue of personal jurisdiction, the foreign judgment does not have res judicata effect on that issue. *Matson v. Matson,* 310 N.W.2d 502, 506 (Minn.1981).

Appellant argues that this case is controlled by *Wright v. Mohs,* 364 N.W.2d 848 (Minn.Ct.App.1985). *Wright* involved a motion to vacate a Tennessee judgment. The defendant in that case hired a Tennessee attorney to contest jurisdiction. However, the Tennessee court ignored the jurisdictional argument and ruled only on the merits. This court reviewed the personal jurisdiction question and determined that the Tennessee court did not have jurisdiction over the defendant. Thus, the Tennessee judgment was not entitled to full faith and credit.

*Wright* is not controlling here. The question of personal jurisdiction was put in issue and the South Dakota court specifically addressed the question. Unlike the defendant in *Wright,* Roers had the opportunity to contest jurisdiction before the South Dakota court.

The New York Supreme Court faced a nearly identical situation in *L & W Air Conditioning, Inc. v. Varsity Inn of Rochester, Inc.,* 82 Misc.2d 937, 371 N.Y.S.2d 997 (N.Y.Sup.Ct.1975), *aff'd* 56 A.D.2d 735, 392 N.Y.S.2d 853 (1977). In that case, the defendant, a New York resident, was sued in Georgia court. The defendant answered the complaint and asserted a defense of lack of personal jurisdiction. However, the defendant did not appear at trial, and default judgment was entered against him. When the Georgia judgment was filed in New York, defendant moved to have it set aside.

The New York court denied the motion stating:

Defendant may not now question the jurisdiction of the Georgia Court. When defendant filed an answer in the Georgia action raising the issue of jurisdiction, he consented that the issue of jurisdiction be tried by the Georgia Court and the findings of the court are now binding upon him.

*Id.* at 939, 371 N.Y.S.2d at 999.

■ The court noted that a defendant faced with a lawsuit in another state has three choices. First, a motion to dismiss for lack of jurisdiction may be made before an answer is filed. If the court hearing the motion determines that it has jurisdiction, the defendant is bound by that ruling because the issue of jurisdiction has been litigated. Second, the defendant may interpose an answer raising the defense of lack of jurisdiction, and the matter will be considered at trial. Finally, the defendant may make no appearance at all in the other state and contest jurisdiction when the plaintiff attempts to enforce the judgment in the defendant's state of residence. *Id.*

The New York court concluded:

If unsuccessfully arguing a motion in a sister state court precludes a collateral attack upon the judgment of that court, it is only fair and logical that raising the issue of jurisdiction in that court by way of answer should also preclude a collateral attack upon the judgment. In both cases, the defendant has submitted the issue of jurisdiction to the foreign court for its decision. After submitting the question to that court, defendant should not later be heard to complain that he did not proceed to be heard.

*Id. See also Ross and Chatterton Law Offices v. Lewis,* 109 Ill.App.3d 856, 65 Ill.Dec. 337, 441 N.E.2d 129 (1982).

■ We find this reasoning persuasive. Appellant here placed the issue of personal jurisdiction before the South Dakota court by raising the issue in his answer to the complaint. The South Dakota court considered the question and determined that it had jurisdiction over appellant. Appellant may not now collaterally attack the judg-

ment. *See McBroom v. Al-Chroma, Inc.,* 386 N.W.2D 369 (Minn.Ct.App.1986). The proper procedure for challenging the South Dakota court's assertion of jurisdiction would have been to appeal in South Dakota.

## DECISION

The trial court did not err in denying appellant's motion to vacate the South Dakota judgment. The judgment is entitled to full faith and credit.

Affirmed.