■ KENNETH RUBINSTEIN, Respondent, v DONALD GOLDMAN, Appellant. [638 NYS2d 469]

Plaintiff was relieved from legal representation of defendant in a New Jersey probate proceeding, and a judgment was entered in New Jersey in the amount of $45,751.84, representing plaintiff's legal fee, after a hearing at which defendant did not appear personally, but rather opposed plaintiff's entitlement to a fee by letter. Plaintiff filed the New Jersey judgment in Supreme Court, New York County, pursuant to CPLR article 54. Defendant's argument that the New Jersey judgment was obtained by "default in appearance" (CPLR 5401) is without merit since the New Jersey court's order noted that defendant wrote "in opposition thereto." The exception in the Uniform Enforcement of Judgments Act for judgments obtained by default in appearance was designed to exclude judgments obtained by "sewer service", a circumstance clearly not present here (L & W Air Conditioning Co. v Varsity Inn, 82 Misc 2d 937, 938, affd 56 AD2d 735; Paden v Warnke, 110 Misc 2d 61, 63-64; Tatick v Tatick, 119 Misc 2d 729, 732). Defendant's claims of fraud and malpractice represent collateral attacks on the New Jersey judgment, and were properly rejected, as were defendant's attempts to raise entirely new issues on reargument and to submit, without sufficient excuse, new facts on renewal. Reargument does not provide a party "an opportunity to advance arguments different from those tendered on the original application" (Foley v Roche, 68 AD2d 558, 568), and re-

newal "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Matter of Beiny*, 132 AD2d 190, 210, *lv dismissed* 71 NY2d 994; *see also, Matter of Barnes v State of New York*, 159 AD2d 753, *lv dismissed* 76 NY2d 935). Concur—Ellerin, J. P., Rubin, Ross, Williams and Tom, JJ.