Rodriguez v Consolidated Edison Co. of N.Y., Inc. (2022 NY Slip Op 07170)

Rodriguez v Consolidated Edison Co. of N.Y., Inc.

2022 NY Slip Op 07170

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Kern, J.P., Scarpulla, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 109051/10 Appeal No. 16677 Case No. 2021-00370 

[*1]Angela S. Rodriguez, Plaintiff-Appellant,
v
Consolidated Edison Company of New York, Inc., et al., Defendants-Appellants, Nico Asphalt Paving, Inc., et al., Defendants-Respondents.

Kravet, Hoefer & Maher, P.C., Bronx (John A. Maher of counsel), for Angela S. Rodriguez, appellant.
Heidell Pittoni Murphy & Bach, New York (Daniel S. Ratner of counsel), for Consolidated Edison Company of New York, Inc. and Consolidated Edison, Inc., appellants.
McGaw & Alventosa, Jericho (Mary C. Azzaretto of counsel), for Nico Asphalt Paving, Inc., respondent.
Fischetti & Pesce, LLP, Rockville Centre (Michelle A. Gellman of counsel), for Triumph Construction Corp., respondent.

Order, Supreme Court, New York County (W. Franc Perry, J.), entered on or about November 17, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for leave to renew defendant Triumph Construction Corp.'s motion for summary judgment dismissing the complaint as against it and for leave to renew defendant Nico Asphalt Paving, Inc.'s cross motion for the same relief, and denied defendant Consolidated Edison Company of New York, (Con Ed) Inc.'s motion for leave to renew Triumph and Nico's separate motions for summary judgment dismissing Con Ed's cross claims for contractual indemnification as against them, unanimously affirmed, without costs.
The motions for leave to renew were properly denied. Initially, Con Ed did not provide a reasonable justification for its failure to disclose a document showing a purportedly newly discovered "layout" — that is, a written specification for work — in the area where plaintiff's accident occurred (see CPLR 2221[e][2], [3]; Amtrust-NP SFR Venture, LLC v Vasquez, 140 AD3d 541, 542 [1st Dept 2016], lv dismissed 28 NY3d 1102 [2016]; Rubinstein v Goldman, 225 AD2d 328, 329 [1st Dept 1996], lv denied 88 NY2d 815 [1996]). Con Ed's assertion that the layout did not turn up in the initial record search performed in 2012, despite the fact that it existed in Con Ed's possession since 2008, is insufficient to establish that it exercised the requisite due diligence (Amtrust-NP SFR Venture, LLC v Vazquez, 140 AD3d at 542).
Plaintiff also failed to establish that she exercised the requisite due diligence to obtain the document at issue. Con Ed's representative identified the layout and testified about it at his deposition in 2016, several years before the motions for renewal and prior to the filing of the Note of Issue in this case. There is no evidence that plaintiff requested the layout from Con Ed after she was made aware of it in the 2016 deposition or that she made any effort to locate the document. Furthermore, because the document was exclusively Con Ed's, we reject plaintiff's argument that Triumph and Nico should have disclosed the document.
We decline to grant the renewal motions in the interest of justice. The circumstances of this case, specifically that the document at issue was in Con Ed's possession since 2008 and that plaintiff failed to make any effort to obtain the document after becoming aware of it in 2016, do not warrant such relief.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022