Chief Judge Desmond.
Defendants, appealing from a summary judgment against them in a suit on a foreign judgment, insist that they may defend on the ground that they were never served with process in the foreign suit.
Plaintiff, a Florida resident, sued defendants (who are New York State residents) in a State court of Florida for damages for negligently causing him to be personally injured in a Florida accident. When defendants failed to appear or contest the suit, plaintiff was awarded damages by a jury and judgment was entered in Florida for his damages and costs. The judgment was not paid and plaintiff brought the present suit (in Supreme Court, Monroe County) thereon, alleging among other things that defendants after entry of judgment in Florida had filed a special appearance in the Florida trial court and had challenged the jurisdiction of that court over defendants’ persons and had moved to vacate plaintiff’s Florida judgment but that the court had denied relief, finding that service had in fact been made on defendants as certified by the local Sheriff. Later, an intermediate appellate court of Florida affirmed the refusal of vacatur and the Supreme Court of Florida denied plaintiff’s petition for a writ of certiorari.
In their answer to this suit brought in New York on the Florida judgment, defendants set up as a defense the same allegations *59 on which they sought to have the Florida suit reopened; that is, that defendants as plaintiff knew were never served with process in Florida, and that by taking a default judgment against defendants plaintiff committed a fraud on the Florida courts. The Appellate Division, reversing Special Term, granted plaintiff a summary judgment, holding that defendants cannot be allowed to relitigate in New York the factual dispute as to whether they were served with process in the Florida personal injury action.
The question of law, therefore, is this: may defendants, having gone into the Florida court after judgment in an unsuccessful effort to get a holding in that State that they had never been served with the suit papers, now when sued in New York State assert again by way of defense against the foreign judgment that they were never so served! We agree with the Appellate Division that the answer must be “ no ”.
While want of jurisdiction to render a judgment can usually be asserted collaterally, this is not so 6 £ in a case where jurisdiction depends on a fact that is litigated in a suit and is adjudged in favor of the party who avers jurisdiction. Then the question of jurisdiction is judicially decided, and the judgment record is conclusive on that question until set aside or reversed by a direct proceeding” (O’Donoghue v. Boies, 159 N. Y. 87, 99, following Ferguson v. Crawford, 70 N. Y. 253, 265). As the Supreme Court explained in Baldwin v. Traveling Men’s Assn. (283 U. S. 522, 525), defendants were under no compulsion to file a special appearance in Florida to contest the jurisdictional fact. But££ having been defeated upon full hearing ” as to that issue, they were concluded and could not raise it again collaterally (Baldwin opinion, same citation). Section 9 of the Restatement of the Law of Judgments expresses the same idea, as does Freeman on Judgments (5th ed., Vol. 3, § 1372), Sherrer v. Sherrer (334 U. S. 343, 350) and other authorities. It is sometimes said, generally or loosely, that a judgment rendered in another State is not conclusive where the person against whom judgment entered was not served, that a State cannot conclude all persons by a mere assertion of power, and that in such a situation the latter when sued here on the foreign judgment may prove the fact of nonservice (Teel v. Yost, 128 N. Y. 387, 391, 392; see Tilt v. Kelsey, 207 U. S. 43). But such generalities give way to the more specific holdings of cases like O’Donoghue and *60 Baldwin (supra) that where the defeated party deliberately tenders the jurisdictional fact controversy as a separate issue and loses thereon, he is not free to use the same assertion again as a defense to a suit on the judgment he has so contested.
Defendants make no frontal attack on these settled rules but argue that the Florida courts in refusing the vacatur did not really decide the jurisdictional fact question but acted “ in discretion ” only. We are not examining generally into the nature of the court’s power to set aside default judgments on motion. We are determining the character and effect of what happened in the Florida courts when defendants moved to vacate the judgment for nonservice. The Circuit Court’s order contained an express finding that “ Personal service was effected on both defendants so as to give the Court personal jurisdiction of the parties. ’ ’ The opinion of the Florida District Court of Appeal affirming the lower court’s refusal to vacate is also before us. By its statement that its refusal is “ upon authority of the rule stated in Barnes v. Willis, 65 Fla. 363 ” (and other cited cases) it notifies us that the motion to set aside was denied not on any discretionary ground but because the Florida Sheriff’s sworn and official certificate of service had not been overcome by clear and convincing proof. It is certain, therefore, that the jurisdictional fact question separately and subsequently submitted by defendants to the Florida trial and appellate courts was conclusively determined against defendants.
In deciding such motions to reopen, the courts in Florida as in New York have large discretionary powers (Alabama Hotel Co. v. Mott Iron Works, 86 Fla. 608; Foote v. Lathrop, 41 N. Y. 358). Usually, discussions as to the use of “discretion” on such application are found in cases where the fact of default is admitted and the confessedly delinquent party seeks a favor (see, for instance, Everett v. Everett, 180 N. Y. 452, 461; Bannon v. Bannon, 270 N. Y. 484, 491; Perkins v. Guaranty Co., 274 N. Y. 250, 267; Hedger Transp. Corp. v. Bushey & Sons, 155 F. 2d 321, 324, cert. den. 329 U. S. 735). Action on such a prayer is an exercise of discretion but trial of a question of fact as to default or no is another matter entirely. Such an application although begun by motion may terminate as it did in this instance in a finding as conclusive as any other (see Dwight v. St. John, 25 N. Y. 203, 206; Williams v. Barkley, 165 N. Y. 48; Bannon v. *61 Bannon, 270 N. Y. 484, 491, supra). “ Discretion ” is then out of the case.
The judgment should be affirmed, with costs.
Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
Judgment affirmed.