■ Roy F. Dieter, Appellant, v Ruth L. Dieter, Respondent. — Order reversed, with costs, and plaintiff's motion for summary judgment granted in accordance with memorandum. All concur, Cardamone, J. P., not participating. Memorandum: In this action plaintiff seeks to recover certain property which he alleges that defendant has wrongfully withheld from him and appeals from an order of Special Term denying his motion for summary judgment. It is undisputed that plaintiff instituted a divorce action in Texas and served defendant in New York. Defendant's motion to dismiss the divorce complaint for lack of personal and subject matter jurisdiction was denied by the Texas court. Thereafter, a Texas judgment and decree of divorce was granted dissolving the marriage between the parties and awarding plaintiff the ownership of certain property which defendant was directed to deliver. In his motion for summary judgment, plaintiff asks that full faith and credit be given to the judgment and decree of the Texas court which requires that the

property which is the subject of the within action be returned to him. Special Term, after finding that defendant specially appeared in the Texas action to contest the jurisdiction of the court over her and did not appeal that court's ruling, concluded that the Texas court had jurisdiction over the subject matter of the marriage. However, based on defendant's claim that her Texas attorney was authorized only to appear specially to contest jurisdiction over her person, Special Term found, after a hearing, that plaintiff had not established that the defendant had authorized further legal representation in the Texas action, and denied the motion for summary judgment. We hold that this finding by Special Term was inapposite. Special Term was obligated to give full faith and credit to the Texas judgment and decree. The defendant was under no compulsion to appear specially in Texas to contest the jurisdictional issue. Having contested this issue in Texas and lost, defendant's only recourse was in the Texas appellate courts. She is not entitled to relitigate that issue in New York. (See *Baldwin v Traveling Men's Assn.,* 283 US 522, 525-526; *Vander v Casperson,* 12 NY2d 56.) Accordingly, Special Term erred by not granting plaintiff partial summary judgment in his action to have the contested property returned to him as sole owner (CPLR 3212, subd [b]), and by not severing the defendant's counterclaim for libel (CPLR 3212, subd [e]). (Appeal from order of Chautauqua Supreme Court, Ricotta, J. — summary judgment.) Present — Cardamone, J. P., Simons, Hancock, Jr., Doerr and Schnepp, JJ.