# NORMA F. MORABITO *v.* HARVEY F. WACHSMAN
## (10922)
## (10923)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and GRILLO, Js.

Argued June 1—decision released August 16, 1983

*William S. Herrmann,* for the appellant (plaintiff in each case).

*Robert K. Ciulla,* with whom, on the brief, was *Kathy K. Priest,* for the appellee (defendant in each case).

SPEZIALE, C. J. These two appeals, No. 10922 and No. 10923, were heard together because they involve the same parties and present the common question of the effect of a prior determination of jurisdiction on a subsequent proceeding in another state to enforce a judgment. In No. 10922 the plaintiff is appealing from the trial court's refusal to enforce a 1972 Nevada child support arrearage judgment under Connecticut's Enforcement of Foreign Matrimonial Judgments Act, General Statutes §§ 46b-70 through 46b-75.[1] In No. 10923 the plaintiff is appealing from the trial court's refusal to enforce a 1979 Nevada child support arrearage judgment and its denial of her request for current child support. The defendant argued in both cases that Nevada was without personal jurisdiction over him when it entered the child support decree and, therefore, the Nevada judgments are void and not entitled to full faith and credit.

---

[1] General Statutes § 46b-71 (b) provides in relevant part that upon proper filing, the "foreign matrimonial judgment shall become a judgment of the court of this state where it is filed and shall be enforced and otherwise treated in the same manner as a judgment of a court in this state."

In the action to enforce the 1972 judgment the trial court, *Novack, J.,* granted the defendant's motion to dismiss for lack of jurisdiction in Nevada.[2] In the action to enforce the 1979 judgment the trial court granted summary judgment for the defendant on the first count, holding that Nevada lacked jurisdiction over the defendant, and dismissed the second count on the ground that the Connecticut court lacked jurisdiction to award child support for nonresident children. The plaintiff appealed the judgments to this court claiming, inter alia, that the court erred: (1) in its treatment of her actions for arrearages because the issue of jurisdiction had been decided in her favor in the Nevada courts and was res judicata for purposes of full faith and credit; and (2) in dismissing her action for current child support. We agree.

I

BACKGROUND

A

THE 1971 NEVADA DIVORCE DECREE AND
CHILD SUPPORT ORDER

In 1971, the plaintiff, who resided in Nevada with her three children, was granted a divorce from the defendant by a decree of the District Court of the Eighth Judicial District of the state of Nevada. The defendant, who was not a resident of Nevada at the time the proceeding commenced, did not appear to contest the action. Process was served on the defendant by publication and by the mailing of a copy of the summons and complaint to a relative of the defendant who was unaware of his whereabouts. The divorce decree and a decree ordering the defendant to pay $1000 monthly child support were entered September 17, 1971.

---

[2] The trial court initially denied the defendant's motion to dismiss but following reargument granted the defendant's motion to dismiss.

## B

### THE 1972 NEVADA CHILD SUPPORT ARREARAGE JUDGMENT

In 1972, the plaintiff made a motion in Nevada to reduce the child support arrearages to judgment. The defendant entered a special appearance to contest the motion, arguing that "the Court had no jurisdiction to enter its Order of child support and the same is void." The defendant filed an affidavit stating that he had never been personally served in the 1971 proceeding, and he also filed a memorandum of law supporting his position. Following a hearing held on March 27, 1972, the Nevada court, "having heard the evidence," found that the defendant had been obligated to pay child support from the date of the 1971 decree. Implicit in the court's order is a finding that the Nevada court did have jurisdiction in the 1971 action. Only by finding jurisdiction over the defendant could the court have made that order. "The question of the . . . validity of the order was distinctly presented by the [defendant's response] and necessarily was resolved against him by the judgment affirming the order. Omitting to mention that question in the opinion did not eliminate it from the case or make the judgment of affirmance any the less an adjudication of it." *Grubb* v. *Public Utilities Commission of Ohio,* 281 U.S. 470, 477–78, 50 S. Ct. 374, 74 L. Ed. 972 (1930); see also *State* v. *Kallio,* 92 Nev. 665, 668, 557 P.2d 705 (1976); *Clark* v. *Clark,* 80 Nev. 52, 58–59, 389 P.2d 69 (1964). The defendant did not appeal or otherwise challenge this judgment.

## C

### THE 1979 NEVADA CHILD SUPPORT ARREARAGE JUDGMENT

In 1979, the plaintiff again made a motion in Nevada to reduce arrearages to judgment. While the defendant had actual notice of these proceedings, he did not

appear in the 1979 action and judgment was rendered for the plaintiff. Again, the defendant did not appeal or otherwise challenge this judgment.

## II

### THE ISSUE OF JURISDICTION IS RES JUDICATA BEFORE THE CONNECTICUT COURT

On June 19, 1980, the plaintiff filed an action to enforce her 1972 Nevada judgment in Connecticut pursuant to General Statutes §§ 46b-70 through 46b-75, the Enforcement of Foreign Matrimonial Judgments Act.[3] On September 8, 1980, in a separate action in Connecticut, the plaintiff brought suit on the 1979 Nevada judgment and also brought suit in a second count for current support.

The defendant here in Connecticut contested both actions on the Nevada judgments on the basis that the state of Nevada had no jurisdiction over him in 1971. The trial court examined the circumstances surrounding the 1971 divorce action and found that Nevada lacked personal jurisdiction over the defendant. Thus, the court held, the 1972 and 1979 Nevada judgments were void. The trial court erred, however, because the issue of jurisdiction was fully and fairly litigated in the 1972 Nevada proceedings. The defendant is barred from raising it anew in these collateral proceedings.

The full faith and credit clause, article IV, § 1 of the United States constitution, requires that judgments of the courts of each state be given the same faith, credit, and effect in sister states as they have by law or custom in the courts of the state rendering them. *Durfee* v. *Duke,* 375 U.S. 106, 109, 84 S. Ct. 242, 11 L. Ed. 2d 186 (1963); *Williams* v. *North Carolina,* 325 U.S. 226, 228, 65 S. Ct. 1092, 89 L. Ed. 1577 (1945); *Milliken* v. *Meyer,* 311 U.S. 457, 462, 61 S. Ct. 339, 85 L. Ed.

---

[3] See footnote 1, supra.

278 (1940); *Stoll* v. *Gottlieb,* 305 U.S. 165, 170, 59 S. Ct. 134, 83 L. Ed. 104 (1938); *Milwaukee County* v. *M. E. White Co.,* 296 U.S 268, 273, 56 S. Ct. 229, 80 L. Ed. 220 (1935); *Roche* v. *McDonald,* 275 U.S. 449, 451, 48 S. Ct. 142, 72 L. Ed. 365 (1928). The United States Supreme Court has stated that recovery upon a judgment may be resisted if the court that rendered it was without jurisdiction. *Milwaukee County* v. *M. E. White Co.,* supra, 275. The defendant contends that the Nevada judgments are not valid because Nevada lacked jurisdiction over him in the original proceedings. The defendant, however, has already had an opportunity for full hearing on this precise issue in the courts of Nevada.

"When a defendant appears in an action to object that the court has no jurisdiction over him and the court overrules the objection and renders judgment against him, the local law of the State where the judgment was rendered determines, subject to constitutional limitations, whether the parties are precluded from attacking the judgment collaterally on the ground that the court had no jurisdiction over the defendant." 1 Restatement (Second), Conflicts § 96. In conformity with this view, we look to Nevada law to determine whether the defendant, having already litigated in Nevada the question of Nevada's jurisdiction over him, may now collaterally attack the judgments on the basis of jurisdiction.

In *Paradise Palms Community Assn.* v. *Paradise Homes,* 89 Nev. 27, 505 P.2d 596, cert. denied, 414 U.S. 865, 94 S. Ct. 129, 38 L. Ed. 2d 117 (1973), the Supreme Court of Nevada barred a claim of lack of jurisdiction in a collateral action. In the original action in that case the defendant moved to set aside a default judgment against it as void because the person served with process was not a person upon whom

service was authorized. The court, after a hearing, found against the defendant. In a later collateral action the defendant again objected to the jurisdiction of the court due to lack of proper service. The Nevada court held that the issue of jurisdiction had been determined in the prior proceeding and was res judicata in the later proceeding. Id., 30–32.

In a more recent case the Supreme Court of Nevada affirmed that "[t]he doctrine of res judicata proscribes the hearing of an issue determined by a court of competent jurisdiction in a previous proceeding between the same parties in the same cause of action. . . . *This doctrine applies to questions of jurisdiction with the same force as to other legal issues.*" (Emphasis added and citations omitted.) *Alitalia-Linee Aeree Italiane-S.p.A.* v. *Second Judicial District Court of the State of Nevada,* 92 Nev. 638, 640, 556 P.2d 544 (1976); see also *Durfee* v. *Duke,* supra, 111; *Williams* v. *North Carolina,* supra, 230; *Vecchione* v. *Wohlgemuth,* 426 F. Sup. 1297, 1309 (E.D. Pa.), aff'd, 558 F.2d 150 (3d Cir.), cert. denied sub nom. *Beal* v. *Vecchione,* 434 U.S. 943, 98 S. Ct. 439, 54 L. Ed. 2d 304 (1977); *Breslerman* v. *American Liberty Ins. Co.,* 218 F. Sup. 345, 346–47 (S.D.N.Y. 1963), aff'd, 326 F.2d 756 (2d Cir. 1964); *Cascade Chemical Coatings, Inc.* v. *Wellco Chemical Products Co.,* 15 Ill. App. 3d 1056, 1057, 305 N.E.2d 595 (1973), cert. denied, 419 U.S. 841, 95 S. Ct. 72, 42 L. Ed. 2d 69 (1974); *Vander* v. *Casperson,* 12 N.Y.2d 56, 59, 187 N.E.2d 109, 236 N.Y.S.2d 33 (1962). Because the defendant would be precluded in Nevada from again litigating the question of jurisdiction in a collateral proceeding, whether or not that question had been rightly decided originally, he may not do so here.[4]

---

[4] "If the defendant appears in an action for the purpose of contending that the court has no jurisdiction over him, he thereby submits to the court for its determination the question whether the court has jurisdiction over him. If the court erroneously determines that it has jurisdiction over the

In the 1972 action the defendant submitted the question of whether the Nevada court had jurisdiction to enter the support decree in 1971. The defendant was not without recourse following the decision adverse to him. He could have moved to have that verdict set aside.[5] He could have directly appealed to the Nevada appellate court.[6] He chose instead to take no further action and the 1972 decision remains conclusive on the question of Nevada's jurisdiction over the defendant.

The 1972 decisions of the Nevada court, not having been appealed, would have been res judicata in the 1979 Nevada action and remain res judicata for the purposes of the proceedings before the Connecticut court. *Alitalia-Linee Aeree Italiane-S.p.A.* v. *Second Judicial District Court of the State of Nevada,* supra; *Paradise Palms Community Assn.* v. *Paradise Homes,* supra; see also 1 Restatement (Second), Judgments § 10 (2) and comment f.

---

defendant, he has ground for reversal in an appellate court and . . . ground for carrying the case to the Supreme Court of the United States. If, however, the defendant does not appeal, or if the judgment is affirmed, or if the appellate court or the Supreme Court of the United States declines to consider the case, the defendant has no constitutional right thereafter to contend that the judgment was void, even though in fact the court did not originally have jurisdiction over him." 1 Restatement (Second), Conflicts § 96, comment b.

[5] Nevada Rules of Civil Procedure, Rule 60 (b), provides, in relevant part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) the judgment is void."

[6] Nevada Rules of Civil Procedure, Rule 72, which was in effect until 1973, provided in relevant part for the right of appeal now in effect under Nevada Rules of Appellate Procedure, Rule 3A: "(a) AGGRIEVED PARTY MAY APPEAL. . . . Any party aggrieved may appeal, with or without first moving for a new trial, and the Supreme Court may consider errors of law and the sufficiency of the evidence, and may remand for new trial, whether or not a motion for new trial has been made. (b) APPEALABLE DETERMINATIONS. An appeal may be taken: (1) From a final judgment in an action or proceeding commenced in the court in which the judgment is rendered."

The case relied on by the defendant, *Doyle* v. *Jorgensen,* 82 Nev. 196, 414 P.2d 707 (1966), is not to the contrary. In that case, one summons was issued to two defendants in violation of Nevada procedure. Neither party appeared in the action and default judgments were entered against both. The parties moved to set aside the default judgments for lack of jurisdiction due to improper service and for other grounds. Because the motion to set aside the default judgment contained grounds in addition to lack of jurisdiction, the lower court found that the motion constituted a general reply and thus the court acquired jurisdiction *as of the time of the filing of the motion.* The Nevada Supreme Court held that jurisdiction acquired at the time of the motion would not relate back to give jurisdiction at the time the default judgment was entered. Id., 201.

The instant case does not concern a question of jurisdiction relating back to another action. The court did not first acquire jurisdiction in 1972. The 1972 order implicitly found that jurisdiction over the defendant existed at the time of the 1971 proceeding.

The 1972 order is res judicata on the question of jurisdiction and the court below erred in both actions in considering the merits of the jurisdiction issue.

### III

### THE PLAINTIFF PROPERLY SOUGHT ENFORCEMENT OF THE 1972 NEVADA JUDGMENT

The plaintiff seeks to enforce the 1972 Nevada judgment under Connecticut General Statutes §§ 46b-70 through 46b-75, the Enforcement of Foreign Matrimonial Judgments Act.[7] The defendant argues that the

---

[7] The plaintiff sought to enforce the 1979 Nevada judgment through a common law action on the judgment in Connecticut. The defendant does not challenge this method.

1972 judgment cannot be enforced through the act because he did not appear in the 1971 divorce proceeding that resulted in the child support order. A threshold requirement for enforcement is that the judgment be one "in which both parties have entered an appearance."[8] This language, which differs from other uniform enforcement of judgments acts, was added by amendment and indicates the legislature's concern that both parties have actual notice of the proceedings.[9] See 16 S. Proc., Pt. 9, 1973 Sess., p. 4052. A special appearance satisfies this concern.

It is undisputed that the defendant did not appear in either the original 1971 proceedings or the later 1979 proceedings, but the defendant did enter an appearance through his attorney in the 1972 proceedings. While the defendant made only a special appearance in 1972 for the purpose of contesting jurisdiction, Connecticut's act does not distinguish between special and general appearances. Because the defendant entered an appearance in the 1972 Nevada proceedings, the 1972 judgment may properly be enforced under the Enforcement of Foreign Matrimonial Judgments Act.

---

[8] General Statutes § 46b-70 defines a "foreign matrimonial judgment" as "any judgment, decree or order of a court of any state in the United States in an action for divorce, legal separation, annulment or dissolution of marriage, for the custody, care, education, visitation, maintenance or support of children or for alimony, support or the disposition of property of the parties to an existing or terminated marriage, *in which both parties have entered an appearance.*" (Emphasis added.)

[9] In 1978, Connecticut adopted the Uniform Enforcement of Judgments Act but added a provision excluding judgments "obtained by default in appearance." General Statutes § 52-604. New York had similarly amended its Uniform Enforcement of Judgments Act and has held that a special appearance is an "appearance" for purposes of the act. *L & W Air Conditioning Co.* v. *Varsity Inn of Rochester, Inc.,* 82 Misc. 2d 937, 938–39, 371 N.Y.S.2d 997 (1975), aff'd, 56 App. Div. 2d 235, 392 N.Y.S.2d 853 (1977).

## IV

## CURRENT CHILD SUPPORT

In the action to obtain judgment on the 1979 judgment the plaintiff filed a second count in her complaint for current child support. The trial court dismissed this count for lack of jurisdiction. Because the children were not physically within this state the court decided that it had no jurisdiction to order child support. Without examining the propriety of awarding current support, we find that the trial court erred in dismissing the second count solely because the children were not within this state. General Statutes §§ 46b-61, 46b-56 and 46b-93,[10] read together, provide that it is permissible

---

[10] "[General Statutes] Sec. 46b-61 (Formerly Sec. 46-62). ORDERS RE CHILDREN WHERE PARENTS LIVE SEPARATELY. In all cases in which the parents of a minor child live separately, the superior court for the judicial district where the parties or one of them resides may, on the complaint of either party and after notice given to the other, make any order as to the custody, care, education, visitation and support of any minor child of the parties, subject to the provisions of sections 46b-54, 46b-56, 46b-57 and 46b-66."

"[General Statutes] Sec. 46b-56. (Formerly Sec. 46-42). SUPERIOR COURT ORDERS RE CUSTODY AND CARE OF MINOR CHILDREN IN ACTIONS FOR DISSO-LUTION OF MARRIAGE, LEGAL SEPARATION AND ANNULMENT. (a) In any controversy before the superior court as to the custody or care of minor children, and at any time after the return day of any complaint under section 46b-45, the court may at any time make or modify any proper order regarding the education and support of the children and of care, custody and visitation if it has jurisdiction under the provisions of chapter 815o. Subject to the provisions of section 46b-56a, the court may assign the custody of any child to the parents jointly, to either parent or to a third party, according to its best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable. The court may also make any order granting the right of visitation of any child to a third party including but not limited to grandparents."

"[General Statutes, Chapter 815o] Sec. 46b-93. JURISDICTION. (a) The superior court shall have jurisdiction to make a child custody determination by initial or modification decree if: (1) This state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before the commencement

under certain circumstances to award child support even though the child is not within this jurisdiction. "Physical presence of the child is not a prerequisite for jurisdiction to determine his custody." General Statutes § 46b-93 (c).

There is error, the judgments are set aside, and the cases are remanded with direction: (1) in the first case to render judgment for the plaintiff; and (2) in the second case to render judgment for the plaintiff on the first count and for further proceedings consistent with this opinion on the second count.

In this opinion the other judges concurred.

---

of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; or (3) the child is physically present in this state and (A) the child has been abandoned or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or (4) (A) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (2) or (3) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child that this court assume jurisdiction.

"(b) Except under subdivisions (3) and (4) of subsection (a) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

"(c) *Physical presence of the child is not a prerequisite for jurisdiction to determine his custody.*" (Emphasis added.)

Section 46b-93 limits the court's jurisdiction over custody and care of minor children pursuant to § 46b-56.