[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#103)
The plaintiff in this action obtained a judgment against the defendant in the state of New York on May 21, 1990 in the amount of $14,912.68. On February 20, 1991, the plaintiff filed the present action to enforce the judgment. The defendant moves to dismiss the plaintiff's complaint on the grounds that this court lacks subject matter and personal jurisdiction. Pursuant to Conn. Practice Bk. 143, the parties filed memoranda of law in support and in opposition to the motion.
The defendant claims that this court lacks subject matter jurisdiction to entertain this matter because the parties agreed to have all matters arising out of the subject transaction litigated only in the state of New York. "The full faith and credit clause, article IV, 1 of the United States constitution, requires that judgments of the courts of each CT Page 4269 state be given the same faith, credit, and effect in sister states as they have by law or custom in the state rendering them." Morabito v. Wachsman, 191 Conn. 92, 96 (1983). Moreover, Section 50a-32 of the
General Statutes provides that the Uniform Foreign Money Judgments Recognition Act applies to any foreign judgment that is final and conclusive and enforceable where rendered. A judgment in the state of New York is a judgment of a foreign state under section 50a-31(1). Section 50a-33 provides:
 Except as provided in section 50a-34, a foreign judgment meeting the requirements of section 50a-32 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The foreign judgment is enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit.
Section 50a-34 provides the grounds for nonrecognition of a foreign judgment. The grounds advanced by the defendant in support of the motion to dismiss do not fall within the grounds contained in this section. The issue of whether the parties agreed to have this matter litigated only in the state of New York is a matter properly raised by a special defense. Accordingly, the defendant's motion to dismiss for lack of subject matter jurisdiction is denied.
The defendant further claims that this court does not have personal jurisdiction over the defendant because the judgment is claimed to have been secured against Kurt S. Nielson and not the defendant Kurt S. Nielsen.
No pleading shall be stricken for circumstantial errors if the cause is understood. Conn. Gen. Stat. 52-123; see also Diaz v. Trueman,1 CSCR 85-86 (January 23, 1986, Hennessey, J.). Accordingly, the defendant's motion to dismiss for lack of personal jurisdiction is also denied.
SUSCO, J.